# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CIVIL CASE NO. 5:16-cv-00038-MR

| | | |
|---|---|---|
| **DENNIS BUNTON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **O R D E R** |
| | ) | |
| **NANCY A. BERRYHILL, Acting** | ) | |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Petition for Attorney Fees under the Equal Access to Justice Act. [Doc. 22].

The Plaintiff seeks an award in the amount of $5,050.00 in full satisfaction of any and all claims by the Plaintiff in this case pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. 22]. The Defendant consents to that award. [Id. at 3]. In light of the Court's prior remand of this matter, and in the absence of any contention by the Commissioner that her position was substantially justified or that special circumstances exist that would render an award of attorney's fees unjust, the Court concludes that the Plaintiff is entitled to an award of attorney's fees under the EAJA.

The Plaintiff requests that the EAJA award be paid directly to Plaintiff's counsel as his assignee. In support of this request, the Plaintiff has submitted fee agreements[1] executed by the Plaintiff, pursuant to which the Plaintiff agreed to assign any EAJA fee award in favor of his counsel. [Docs. 22-3, 22-4]. The Court finds that the Commissioner should accept the assignment of the awarded fees by the Plaintiff to his attorneys and upon receipt of such assignment, the Commissioner will pay that award of fees directly to Plaintiff's current counsel, Charlotte Hall,[2] provided that it is shown that as of the date of this Order, the Plaintiff does not owe any debt to the United States Government which is subject to offset. See Astrue v. Ratliff, 560 U.S. 286 (2010).

**IT IS, THEREFORE, ORDERED** that:

(1)   The Plaintiff's Petition [Doc. 22] is hereby **GRANTED**, and the Plaintiff is hereby awarded attorney's fees in the amount of Five Thousand Fifty Dollars ($5,050.00), which sum is in full

---

[1] The Plaintiff was first represented by attorney Amelia Patton and then by attorney Charlotte Hall. [See Docs. 22-1, 22-2].

[2] The Court finds that the total award of fees should be paid to Plaintiff's current counsel, Ms. Hall, so as to not require the Administration to make two separate payments of fees. Ms. Hall will be responsible for tendering the portion of the fees owed directly to Ms. Patton.

satisfaction of any and all claims by the Plaintiff in this case pursuant to 28 U.S.C. § 2412(d);

(2) The Commissioner shall inform Plaintiff's counsel whether the Plaintiff owes a debt to the Government by which this fee award may be offset no later than thirty (30) days from entry of this Order. Within the same time period, the Plaintiff shall provide valid fee assignments to the Defendant;

(3) In the event that past-due benefits are awarded on remand, the Plaintiff shall have sixty (60) days after being served with notice of the past-due benefits award to file for an award of fees pursuant to the Social Security Act, 42 U.S.C. § 406(b); and

(4) No additional Petition pursuant to 28 U.S.C. § 2412(d) may be filed.

**IT IS SO ORDERED.**  Signed: May 30, 2018

Martin Reidinger
United States District Judge